By the Court. Bosworth, J.
The fair meaning of the condition of the bond of February-22, 1850, is that the defendants would pay the judgment, of $1,130.82, whenever the Superior Court directed that judgment to be paid. The bond does not contemplate, nor was it necessary, that the sureties of John Cook should have had previous notice of the motion, or proceedings, on which such order or direction might be made. It *333 was enough, that the Oourt should order in that action that John Cook pay it.
The order of October 11, 1852, does not modify or vary the judgment of the general term; that the judgment of $1,130.82 is “ a good and valid judgment,” and that it “ stand as good and effectual between the parties.” It was made by the Superior Court; and though made at a special term, it is as much an order of the Superior Court as if made at a general term. It is not a void order, and its propriety cannot be questioned collaterally.
The judgment of the general term, denying so much of the relief prayed for by the complaint, as consisted of a claim that the judgment for $1,130.82 be vacated, and instead thereof, adjudging it to be a good and valid judgment, and that it should stand as good and effectual between the parties, was, in legal effect, a direction that it should be paid, if it had not been satisfied subsequent to its recovery.
The complaint, in the action of Cook against Dickerson, alleged that the latter had issued an execution on the judgment of $1,130.82, which had been levied on the property of John Cook, and that the Sheriff threatened to sell the same. That allegation was not denied by the answer to such complaint. For aught the court at general term knew, a sale of that property had been made, or might be made, and satisfaction of the judgment in part had been, or might be, produced by such levy, and proceedings consequent to it.
It was therefore proper, that Dickerson should subsequently apply to the court, on notice to John Cook, for an order directing him to pay the judgment, to the end that he might show cause, if any existed, why such an order should not be made. None being shown, to the satisfaction of the court, an order was made, that he pay the $1,130.82, and interest. The court at general term, having previously decided that the judgment was valid, and should stand as good and effectual between the parties, a subsequent order that Cook should pay it, was one which it was prudent, if not necessary, that the plaintiff should obtain, before commencing an action on the bond. Such an order having been made on notice to John Cook, we must hold it to have been rightfully and properly made, and sufficient to *334 entitle the plaintiff to recover, so far as that right depends nakedly on the question, whether the court has made such an order, as is contemplated by the condition of the bond of the 22d of February, 1850.
It was strenuously insisted, on the argument, that the judge erred in excluding evidence that Dickerson had not delivered up to John Cook the bond and mortgage, note and checks, and executed the satisfactions, as ordered by the judgment of the general term, in the suit of Cook against Dickerson.
It is a sufficient answer to this objection, that no such defence is set up in the answer. Perhaps on this ground, the judge deemed the evidence irrelevant, as he also excluded evidence offered by the plaintiff, that they had been surrendered to Cook’s attorney before this action was brought, and also that satisfaction of the mortgage, and of the judgment in the foreclosure suit, had been delivered to the same attorney.
The judgment of the general term, in this respect, if it had not been complied with, would have been enforced by attachment. But as non-compliance is not averred in the answer, proof of it at the trial, as a defence, was inadmissible.
We think none of the exceptions taken by the defendants to the decisions of the judge, over-ruling the evidence offered by them, are tenable. The plaintiff is consequently entitled to judgment on the verdict.
But he insists, that he is entitled, on this motion, to review the decisions to which he excepted at the trial, and that if the court is of opinion that there was error in dismissing his complaint, as to the first cause of action, or in disallowing the interest claimed, a new trial should be granted. Ho right is reserved in the case, or contained in the order made at the trial, that he may so move on this ease. He is as much precluded from reviewing the adverse decisions of a judge as the defendant, unless he makes a bill of exceptions or a case for the purpose, and moves upon it for a new trial. Leave might, perhaps, have been given, in a matter coming up, as this does, to move on the case, to which the verdict was subject. When so given, the case would be prepared, and amendments understandingly proposed, with a view to adapt it to both motions, and to present all that bore on the merits of either. But on a *335 case made as this is, merely for the purpose of enabling a plaintiff to obtain a judgment on his verdict, we do not think, he is entitled to move, as a matter of course, to set aside the verdict.
The injunction issued, on the security of the undertaking, was dissolved in about thirty-three days after it was granted. All the damages occasioned by the issuing of that injunction accrued within that time. That was an inj unction pendente lite. It was dissolved, not because the court thought the facts insufficient to entitle Cook to an injunction, but because the security made by the revised statutes, a condition to granting it, had not been given. The court ordered it to be revived and continued, on the execution of the bond. The bond, from the time the injunction was restored, was the security given to Dickerson, as a condition of granting it, and it is not clear that the parties to the undertaking, as such, are liable for the consequences of such revival and continuance.
The plaintiff’s right to recover upon the undertaking is not so clear as to justify us in attempting to interfere, on this case, with the decision made at the trial.
We think it very doubtful, in the most favorable view of the plaintiff’s rights, whether he can recover against the sureties in the bond, anything beyond the amount specified in the penal part of the bond. It is not in terms named a penal sum. But they acknowledge themselves indebted in the specific and precise sum of $1,130.82, and the condition is to pay this sum whenever it is directed to be paid.
On the whole case, we think judgment should be entered for the plaintiff on the verdict rendered.